UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAN BUETTGEN, on Behalf of Himself and All Others Similarly Situated, : <br> : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> KATHERINE J. HARLESS, ANDREW COTICCHIO, SAMUEL D. JONES, FRANK P. GATTO, and SCOTT W. KLEIN, : <br> : <br> : <br> Defendants. : | Civil Action No. 3:09-cv-791-K <br><br> **CLASS ACTION** |

**JAMES LYMAN'S MOTION, AND BRIEF IN SUPPORT,
TO ALTER OR AMEND THE COURT'S NOVEMBER 9, 2009
ORDER APPOINTING KENTUCKY STATE DISTRICT COUNCIL
OF CARPENTERS PENSION TRUST FUND AS LEAD PLAINTIFF**

James Lyman ("Lyman"), Plaintiff in one of the consolidated actions and applicant for the position of Lead Plaintiff, respectfully moves the Court to amend its November 9, 2009 Memorandum Opinion and Order (the "Order") [Doc. 31] to appoint him as the Lead Plaintiff in this action instead of Kentucky State District Council of Carpenters Pension Trust Fund (the "Pension Trust Fund"). Lyman makes this Motion because, after declining to appoint the Lyman Group as Lead Plaintiff, the Court failed to consider Lyman's alternative request to be appointed as Lead Plaintiff individually. Since Lyman individually has a larger loss than the Pension Trust Fund, and since Congress requires the Court (as it recognized in the Order) to adopt a presumption that the movant with the largest loss should be appointed as Lead Plaintiff, the Court should reconsider and appoint Lyman as Lead Plaintiff individually.

**I.     BACKGROUND**

Beginning on July 7, 2009, four motions for lead plaintiff and lead counsel were filed with this Court. They were by: (1) the Buettgen Group alleging an approximate loss of $554,909.00; (2) Aldan AG alleging an approximate loss of $367,939.00; (3) the Lyman Group alleging an approximate loss of $359,353.00, or alternatively, James Lyman individually alleging a loss of $234,641.00;[1] and (4) the Pension Trust Fund alleging a loss of only $154,330.00.

In the Order, this Court granted the motion by the Pension Trust Fund, the movant alleging the least amount of loss, appointing it as Lead Plaintiff. It denied the motions of the Buettgen Group and the Lyman Group on the ground that they each failed to establish cohesiveness as a group.

**II.    ARGUMENT**

Lyman does not seek reconsideration of the Court's decision not to appoint the Lyman Group as Lead Plaintiff. However, he respectfully points out that he moved in the alternative to be appointed individually as the Lead Plaintiff.[2] Once the Court disqualified the Buettgen Group, the Lyman Group and Alden AG as lead plaintiffs, Lyman had the next highest amount of alleged loss, and he was accordingly entitled to appointment as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Therefore, Lyman respectfully requests that this Court grant his motion to alter or amend the Order and that it appoint him as Lead Plaintiff in this action.

---

[1] This amount was calculated using a retention value of $0.05 per share. If calculated with the retention value used by the Buettgen Group ($0.0456 per share), Lyman's loss amounts to $234,831.20. Lyman will use that loss amount in the remainder of this Motion.

[2] *See* James Lyman and John W. Bennett's Motion for Appointment of Lead Plaintiff, Co-Lead Counsel and Liaison Counsel ("Lyman Motion") [Doc. 8] at 1 and the Memorandum of Law in Support of James Lyman and John W. Bennett's Motion for Appointment of Lead Plaintiff, Co-Lead Counsel and Liaison Counsel ("Lyman Brief") [Doc. 9] at 1 fn. 1.

### A. Standards for Motion to Alter or Amend

In the Fifth Circuit, a Rule 59(e) motion to alter or amend is the vehicle for seeking reconsideration of a court's decision on a motion. *See Shephard v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004); *St. Paul Mercury Insurance Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Thakkar v. Balasuriya*, 2009 U.S. Dist. LEXIS 82218, at * 2-3 (S.D. Tex. Sept. 9, 2009).[3]

The grounds for granting a motion for reconsideration under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In Re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Lyman asserts that the Court committed a clear error of law by failing to consider his individual motion for appointment as Lead Counsel after it had disqualified all applicants which purportedly had larger losses.

### B. After Disqualifying the Buettgen Group, the Lyman Group and Alden AG, the Court Committed a Clear Error of Law By Not Appointing Lyman Individually as Lead Counsel Because He Had the Next Highest Loss

The procedure for appointing a lead plaintiff has been well developed and requires the Court to consider applicants in the order of the magnitude of their losses:

> If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should explain its reasoning on the record (so that appellate courts will have an adequate basis for review) and disqualify that movant from serving as lead plaintiff. **The**

---

[3] Rule 59(e) states that a party may move to alter or amend a judgment within 10 days after the entry of the judgment. Fed. R. Civ. P. 59(e). This motion is properly and timely filed because the Court entered the Order on November 9, 2009, and this Motion is filed within ten (10) days of that date as counted pursuant to Fed. R. Civ. P. 6(a).

> **court should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified.** *See, e.g.*, Raftery, 1997 U.S. Dist. LEXIS 12439, 1997 WL 529533, at *2-4, 7 (identifying a presumptive lead plaintiff after disqualifying two movants with larger losses, one on grounds of a typicality and one on grounds of inadequacy).

*In re Cendant Corp. Litig.,* 264 F.3d 201, 267-268 (3d Cir. 2001) (emphasis added). *See also A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003) (same); *In re Vonage Initial Pub. Offering Secs. Litig.,* 2007 U.S. Dist. LEXIS 66258, at * 14 (D.N.J. Sept. 6, 2007) ("[O]nce the presumption [of lead plaintiff] has been rebutted, the court must begin the process anew by identifying which of the remaining movants has the largest financial interest in the class's recovery") (citation omitted); *In re Silicon Storage Tech., Inc.,* 2005 U.S. Dist. LEXIS 45246, at *34 (N.D. Cal. May 3, 2005) (similar); *In re Bally Total Fitness Secs. Litig.*, 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005) (similar).

Here, the Court rejected the motions of the Buettgen Group, the Lyman Group and Alden AG before turning to the motion of the Pension Trust Fund. However Lyman also moved for Lead Plaintiff in the alternative as an individual, and he had an individual loss of $234,831.20, significantly higher than the loss of $154,330.00 allegedly sustained by the Pension Trust Fund.[4] Accordingly, the Court should have found a presumption in favor of the appointment of Lyman as Lead Plaintiff, and it should have evaluated his adequacy to act as Lead Plaintiff before

---

[4] *Compare* Lyman Brief [Doc. 9] at 5 and the Declaration of Roger L. Mandel in Support of James Lyman and John W. Bennett's Motion for Appointment of Lead Plaintiff, Co-Lead Counsel and Liaison Counsel ("Mandel Declaration") [Doc. 10] ¶¶ 2 & 5 and the Certification of James Lyman attached thereto as Exhibit 1 [Doc. 10-2] and the chart of financial interest attached thereto as Exhibit 4 [Doc. 10-5] with the Memorandum of Law in Support of the Kentucky State District Council of Carpenters Pension Trust Fund's Motion for Appointment as Lead Plaintiff and for Approval of Its Selection of Counsel [Doc. 14-2] at 4 and the Appendix of Exhibits in Support of Kentucky State District Council of Carpenters Pension Trust Fund's Motion for Appointment as Lead Plaintiff and for Approval of Its Selection of Counsel [Doc. 14-2] and Exhibit B (Movant's Sworn Certification) and Exhibit C (Chart of Movant's Transaction) attached thereto.

considering the appointment of the Pension Trust Fund.[5]  *See, e.g., In re Advanced Tissue Sciences Sec. Litig.,* 184 F.R.D. 346 (S.D.N.Y. 1998) (court denied a group's principal motion for appointment of 250 unrelated individuals for lead plaintiff and instead granted the group's alternate motion for appointment of six designated members); *In re Carreker Corp. Sec. Litigation*, 2003 U.S. Dist. LEXIS 25988 (N.D. Tex. Aug. 14, 2003) (court selected one married couple out of a group of seven individual members as being the most adequate plaintiff); and *In re Donnkenny Inc. Sec. Litig.,* 171 F.R.D. 156 (S.D.N.Y. 1997) (court selected one member of a two member group as lead plaintiff on the ground that it had the largest financial interest and otherwise satisfied Rule 23(a)).

Upon consideration of Lyman, the Court should have found him an adequate and typical representative pursuant to Rule 23(a) for the reasons set forth in the Lyman Motion.  Notably, neither Lyman's adequacy to serve as Lead Plaintiff nor the typicality of his claims was ever challenged by any other movant, leaving no dispute that he made the necessary threshold showing of typicality and adequacy and should have been appointed as Lead Plaintiff.  The Court's failure to appoint Lyman as Lead Plaintiff constitutes a clear error, justifying the Court granting relief pursuant to Rule 59(e) from its Order and appointing Lyman as Lead Plaintiff.

---

[5] The Court likewise need not consider Donald B. Biggerstaff, part of the Buettgen Group, for the role of Lead Plaintiff because his loss was $234,011.73, $819.47 less than Lyman's loss of $234,831.20. *See* Notice of Filing of Supplemental Declarations in Further Support of Motion to Appoint the Buettgen Group as Lead Plaintiff and to Approve Selection of Lead and Liaison Counsel [Doc. 29] and the Supplemental Declaration of Donald B. Biggerstaff in Support of the Motion to Appoint the Buettgen Group as Lead Plaintiff and to Approve its Selection of Lead and Liaison Counsel (¶ 4) attached thereto as Exhibit A and the Corrected Loss Chart attached thereto as Exhibit 2 (page 33 of 37).

### C. The Court Should Approve Lyman's Choice of Co-Lead Counsel and Liaison Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb Lead Plaintiff's choice of counsel. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *In re Cavanaugh*, 306 F.3d 726 at 732-33 n.11 (9th Cir. 2002) (granting writ of mandamus and stating that "the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").

Lyman has selected the law firms of Weiss & Lurie and The Brualdi Law Firm, P.C., to serve as Co-Lead Counsel for the Class and Stanley Mandel & Iola, L.L.P., to serve as Liaison Counsel. Lyman's chosen counsel possess extensive experience in litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Exhibits 5, 6 and 7 to the Mandel Declaration [Doc. 10]. Therefore the Court should approve Lyman's choice of Co-Lead Counsel and Liaison Counsel.

### III. CONCLUSION

For the foregoing reasons, James Lyman respectfully requests this Court to grant his motion to alter or amend its November 9, 2009 Order and that it (i) appoint him Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve his selection of the law firms of Weiss & Lurie, The Brualdi Law Firm, P.C., and Stanley Mandel & Iola, L.L.P. to serve as Co-Lead Counsel and Liaison Counsel, respectively, for the Class.

Dated:  November 19, 2009.

/s/ Roger L. Mandel
Roger L. Mandel
Texas Bar No. 12891750
**STANLEY MANDEL & IOLA LLP**
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
Tel: (214) 443-4300
Fax: (214) 443-0358

[Proposed] Liaison Counsel for Plaintiffs


Jordan L. Lurie
Leigh A. Parker
**WEISS & LURIE**
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Tel: (310) 208-2800
Fax: (310) 209-2348


Richard B. Brualdi
Sue Lee
**THE BRUALDI LAW FIRM, P.C.**
29 Broadway, 24th Floor
New York, NY 10006
Tel:  (212) 952-0602
Fax:  (212) 952-0608

Attorneys for Class Members James Lyman
and John W. Bennett [Proposed] Co-Lead Counsel
for Plaintiffs


**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he conferred via telephone on November 19, 2008, with Hamilton Lindley, counsel for KENTUCKY STATE DISTRICT COUNCIL OF CARPENTERS PENSION TRUST FUND, and that Mr. Lindley stated that his client opposes all of the relief sought in this Motion.

/s/ Roger L. Mandel
Roger L. Mandel

- 8 -

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 19th day of November, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                /s/ Roger L. Mandel
                Roger L. Mandel