UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| JAN BUETTGEN, on Behalf of Himself and All Others Similarly Situated,,<br><br>      Plaintiff,<br><br>vs.<br><br>KATHERINE J. HARLESS, et al.,<br><br>      Defendants. | § § § § § § § § § § § § | Civil Action No. 3:09-cv-00791-K<br>(Consolidated with Nos. 3:09-cv-00938-K; 3:09-cv-1049-K and 3:09-cv-1552-K)<br><br>CLASS ACTION |

**LEAD PLAINTIFF KENTUCKY STATE DISTRICT COUNCIL OF CARPENTERS PENSION TRUST FUND'S MEMORANDUM OF LAW IN OPPOSITION TO JAMES LYMAN'S MOTION TO ALTER OR AMEND THE COURT'S NOVEMBER 9, 2009 ORDER**

## TABLE OF CONTENTS

        **Page**

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A. The Court Fastidiously Adhered to the PSLRA's Simple Process in Appointing the Pension Trust Fund as Lead Plaintiff..............................................2

    B. There Is No "Clear Error" to Correct Because the PSLRA Does Not Require District Courts to Disband a Group in Search of the Most Adequate Plaintiff .......................................................................................................4

    C. Mr. Lyman Is Not Eligible to Seek Reconsideration Because He Did Not Have the Largest Individual Financial Interest .........................................................9

III. CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

Page
**CASES**

*Apple v. LJ Int'l, Inc.*,
    2008 U.S. Dist. LEXIS 12618 (C.D. Cal. 2008) ................................................................ 5

*Arrieta v. Yellow Transp., Inc.*,
    2009 U.S. Dist. LEXIS 3336 (N.D. Tex. 2009) ................................................................. 2

*Avco Corp. v. Precision Airmotive*,
    2005 U.S. Dist. LEXIS 43379 (N.D. Tex. 2005) ............................................................... 1

*H & A Land Corp. v. City of Kennedale*,
    2005 U.S. Dist. LEXIS 25797 (N.D. Tex. 2005) ............................................................... 4

*Hurt v. Ecolab, Inc.*,
    2006 U.S. Dist. LEXIS 47564 (N.D. Tex. 2006) ............................................................... 4

*In re Adv. Tissue Scis. Sec. Litig.*,
    184 F.R.D. 346 (S.D. Cal. 1998) ...................................................................................... 6

*In re Carreker Corp. Sec. Litig.*,
    2003 U.S. Dist. LEXIS 25988 (N.D. Tex. 2003) ............................................................... 6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .............................................................................. 2, 3, 4, 8

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ..................................................................................... 3, 5, 8

*In re Donnkenny Inc. Sec. Litig.*,
    171 F.R.D. 156 (S.D.N.Y. 1997) ...................................................................................... 6

*In re Level 3 Commcn's, Inc. Sec. Litig.*,
    2009 U.S. Dist. LEXIS 44706 (D. Colo. 2009) ............................................................. 5, 8

*In re Telxon Corp. Sec. Litig.*,
    67 F. Supp. 2d 803 (N.D. Ohio 1999) .............................................................................. 9

*In re Vaxgen Sec. Litig.*,
    2004 U.S. Dist. LEXIS 29812 (N.D. Cal. 2004) ............................................................... 6

*Krim v. pcOrder.com, Inc.*,
    212 F.R.D. 329 (W.D. Tex. 2002) .................................................................................... 2

*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*,
    123 F.R.D. 282 (N.D. Ill. 1988) ........................................................................................ 2

Page

*Ross v. Abercrombie & Fitch Co.*,
   2007 U.S. Dist. LEXIS 24903 (S.D. Ohio 2007) .................................................5, 6

*Schriver v. Impac Mortgage Holdings, Inc.*,
   2006 U.S. Dist. LEXIS 40607 (C.D. Cal. 2006) ..............................................6, 7, 8

*Spinoza, Inc. v. United States*,
   375 F. Supp. 439 (S.D. Tex. 1974) ........................................................................9

*Stengle v. Am. Italian Pasta Co.*,
   2005 U.S. Dist. LEXIS 43816 (W.D. Mo. 2005) ....................................................8

*Switzenbaum v. Orbital Scis. Corp.*,
   187 F.R.D. 246 (E.D. Va. 1999) ............................................................................6

*Templet v. Hydrochem Inc.*,
   367 F.3d 473 (5th Cir. 2004) ..............................................................................1, 2

*Tice v. Novastar Fin., Inc.*,
   2004 WL 1895180 (W.D. Mo. 2004) .....................................................................5

*Tsirekidze v. Syntax-Brillian Corp.*,
   2008 WL 942273 (D. Ariz. 2008) ......................................................................5, 8

*Van Horn v. Lopez-Beaver*,
   2008 U.S. Dist. LEXIS 15546 (N.D. Tex. 2008) ....................................................1

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
     §78u-4(a)(3)(B)(i) ............................................................................................2, 5, 7
     §78u-4(a)(3)(B)(iii)(I) ...............................................................................................3
     §78u-4(a)(3)(B)(iii)(I)(aa) ........................................................................................2
     §78u-4(a)(3)(B)(iii)(I)(cc) .....................................................................................2, 3
     §78u-4(a)(3)(B)(iii)(II) ..............................................................................................4

Federal Rules of Civil Procedure
     Rule 23 .............................................................................................................2, 3, 4
     Rule 23(a) ................................................................................................................3
     Rule 59(e) ................................................................................................................1

## I. INTRODUCTION

"Motions for reconsideration are permitted only in narrow situations, 'primarily to correct manifest errors of law or fact or to present newly discovered evidence.'" *Avco Corp. v. Precision Airmotive*, 2005 U.S. Dist. LEXIS 43379, at *1 (N.D. Tex. 2005) (Kinkeade, J.).[1]  Importantly, motions for reconsideration are "***not*** the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Despite the Court's proper application of the Private Securities Litigation Reform Act of 1995's ("PSLRA") lead plaintiff provisions, Mr. Lyman seeks reconsideration pursuant to Rule 59(e) on the grounds that "the Court failed to consider Lyman's alternative request to be appointed as Lead Plaintiff individually." *See* Docket #34 at 1.[2]  Mr. Lyman is mistaken.  Indeed, the Court unambiguously noted that "the Lyman Group states, 'if the Court is inclined to appoint only one Lead Plaintiff, each of the Movants moves in the alternative for appointment individually as Lead Plaintiff.'" November 9, 2009 Memorandum Opinion and Order ("Order") (Docket #31) at 7.  As such, there can be no doubt that the Court has already considered – and rejected – Mr. Lyman's "alternative request."

Because motions for reconsideration "may not be used to relitigate issues that were resolved to the movant's dissatisfaction," Mr. Lyman's motion should be denied.  *Van Horn v. Lopez-Beaver*, 2008 U.S. Dist. LEXIS 15546, at *2 (N.D. Tex. 2008) (Lindsay, J.).

---

[1]     All emphasis is added and all citations are omitted unless otherwise noted.

[2]     While styled as a motion to "alter or amend the Court's November 9, 2009 Order," Mr. Lyman states that "a Rule 59(e) motion to alter or amend is the vehicle for seeking reconsideration of a court's decision on a motion." *See* Docket #34 at 1, 3.  For simplicity and consistency, the Kentucky State District Council of Carpenters Pension Trust Fund ("Pension Trust Fund") simply refers to Mr. Lyman's motion as a "reconsideration" motion herein.

## II.  ARGUMENT

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.  Accordingly, "'[s]uch motions are not the proper vehicle for rehashing old arguments.'" *Arrieta v. Yellow Transp., Inc.*, 2009 U.S. Dist. LEXIS 3336, at *4-*6 (N.D. Tex. 2009) (Fitzwater, J.).  Nor does mere disagreement with a district court's order warrant reconsideration of that order.  *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 332 (W.D. Tex. 2002); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (noting that district court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure").

Here, although Mr. Lyman makes "a *post hoc* attempt to bolster or refine several of [his] arguments, [he does] not point to any manifest errors that warrant reconsideration of the court's decision." *Arrieta*, 2009 U.S. Dist. LEXIS 3336, at *5-*6.  Consequently, Mr. Lyman's motion should be denied.

### A.  The Court Fastidiously Adhered to the PSLRA's Simple Process in Appointing the Pension Trust Fund as Lead Plaintiff

The PSLRA instructs district courts to "appoint as lead plaintiff the member or members of the purported plaintiff class ***that the court determines*** to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  To be eligible for consideration, a movant must timely file a "motion" or "complaint," and "***in the determination of the court***," possess the "largest financial interest" ***and*** "otherwise satisf[y]" the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

After first determining that the motions were timely filed, "the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff – the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23.'"  *In re*

*Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)). This Court acknowledged the movants' financial interests as represented in their motions as follows:

| Movants | Claimed Losses |
|---|---|
| Buettgen Group | $554,909 |
| Aldan AG | $367,939 |
| Lyman Group | $359,352 |
| Pension Trust Fund | $154,330 |

Order at 3. Based on these undisputed representations, the Court determined that "the evidence establishes the Buettgen Group sustained the largest loss." *Id.*

Following the PSLRA's sequential process, the court next addressed whether the Buettgen Group, Aldan AG or the Lyman Group "otherwise satisfie[d] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); *see* Order at 5-9. In making this determination, the Court clearly considered both the Buettgen and Lyman Groups' "alternative requests" to select an individual from within their ranks to serve as lead plaintiff. *See* Order at 6 (acknowledging Buettgen Group's "invitation to the Court to hand-pick one of its constituents to serve as lead plaintiff if the Court deems the Buettgen Group inappropriate") and 7 (acknowledging Lyman Group's similar request). Because none of the movants with larger financial interests than the Pension Trust Fund demonstrated their satisfaction of the Rule 23(a) criteria, however, the Court began the "process anew (i.e., identifying which of the remaining movants has the highest financial interest in the class's recovery, assessing whether that movant satisfies the threshold typicality and adequacy requirements, and determining whether the presumption has been rebutted) until a lead plaintiff is selected." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001); *Cavanaugh*, 306 F.3d at 730, 732.

Only after considering the motions filed by all the other movants did the Court finally turn to the Pension Trust Fund's motion. Order at 9. Because the Pension Trust Fund met "the typicality and adequate representation requirements of Rule 23," the Court determined that the Pension Trust

Fund "established its entitlement to be presumed the most adequate named plaintiff." Order at 9. Finally, the Court held that "this presumption has not been sufficiently rebutted." *Id.* at 9-10; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 730 (final step of process is to "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements"). Accordingly, because the Pension Trust Fund was the first and only movant that, in the Court's determination, satisfied all of the PSLRA's requirements, the Pension Trust Fund was appointed as lead plaintiff. Order at 10.

Despite the Court's consideration of the evidence and meticulous application of the PSLRA's simple process in appointing a lead plaintiff, Mr. Lyman still felt compelled to "point[] out" that the Court overlooked his alternative request to be appointed individually as lead plaintiff. Docket #34 at 2. The Court did not. Because "[m]otions for reconsideration are not a vehicle to permit a party to rehash arguments" made in its initial motion, Mr. Lyman's motion should be denied. *Hurt v. Ecolab, Inc.*, 2006 U.S. Dist. LEXIS 47564 (N.D. Tex. 2006) (Kaplan, J.).

**B.      There Is No "Clear Error" to Correct Because the PSLRA Does Not Require District Courts to Disband a Group in Search of the Most Adequate Plaintiff**

Mr. Lyman's counsel suggests that the Court committed a "clear error of law" because "the Court failed to consider Lyman's alternative request to be appointed as Lead Plaintiff individually." Docket #34 at 1. While "[t]here is no precise definition in the law for what constitutes 'clear error,'" "any analysis of clear error should conform to a 'very exacting standard.'" *H & A Land Corp. v. City of Kennedale*, 2005 U.S. Dist. LEXIS 25797, at *5 (N.D. Tex. 2005). "'District courts should have a clear conviction of error before finding that a . . . judgment was predicated on clear error.'" *Id.* "In essence, a judgment must be 'dead wrong' to qualify as being clearly erroneous." *Id.* The Court was not "dead wrong" here.

Procedurally, the Court specifically acknowledged – and rejected – this "alternative" request. *See* Order at 7 (noting that "the Lyman Group states, 'if the Court is inclined to appoint only one Lead Plaintiff, each of the Movants moves in the alternative for appointment individually as Lead Plaintiff'"). As such, Mr. Lyman's motion impermissibly rehashes a stale argument.

Substantively, "[t]here is *no* requirement in the [PSLRA] that the Court realign a proposed group to cure a deficiency in adequacy of representation." *Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903, at *13 (S.D. Ohio 2007) (denying motion for reconsideration of magistrate judge's report and recommendation); *cf. Tice v. Novastar Fin., Inc.*, 2004 WL 1895180, at *4 n.4 (W.D. Mo. 2004) (noting that it was "unnecessary for the Court to break down each group into its related parts"). Rather, the PSLRA expressly grants district courts broad discretion to select as lead plaintiff "the member or members of the purported plaintiff class *that the court determines* to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). And "[o]ther courts confronted by a request to appoint only one individual out of an otherwise inadequate group in order to salvage lead plaintiff status have declined to do so and, instead, considered the qualifications of the movant with the next largest financial interest." *In re Level 3 Commcn's, Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 44706, at *17 (D. Colo. 2009).[3] As such,

---

[3] *See also Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. 2008) (declining to consider individual constituent of group as lead plaintiff candidate because the group "moved for lead plaintiff as a group and will be evaluated as such"); *Apple v. LJ Int'l, Inc.*, 2008 U.S. Dist. LEXIS 12618, at *13 (C.D. Cal. 2008) (noting that two individuals within a larger group were "'willing to serve as a lead plaintiff either individually or as part of a group'" but that such "assertions hardly persuade the Court that they, as opposed to counsel, would be directing this litigation" and considering movant with next largest financial interest); *cf. Cendant*, 264 F.3d at 268 (district courts are to identify the next "movant" and assess whether that "movant" satisfies the PSLRA's requirements).

the "fact that the [Court] failed to pick apart the proposed group to find the most adequate individual or individuals from within, was not error." *Ross*, 2007 U.S. Dist. LEXIS 24903, at *12.[4]

And as is the case with discretionary matters, it should not be surprising that there are a handful of instances in which district courts considered a group's individual members for appointment as lead plaintiff. In *In re Carreker Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25988 (N.D. Tex. 2003), cited by Mr. Lyman (Docket #34 at 5), Judge Lynn was faced with "dueling" motions by an inadequate and/or atypical investor and a lawyer-driven group. *Carreker*, 2003 U.S. Dist. LEXIS 25988, at *5. Judge Lynn rejected both motions. *Id.* at *8 and *10. But because there were no other viable candidates for appointment as lead plaintiff, the court *sua sponte* appointed a husband and wife who moved as part of a larger group. *Id.* at *11; *see also In re Adv. Tissue Scis. Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998) (because the only movants were two groups of investors, court selected alternative subgroup as lead plaintiff); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156 (S.D.N.Y. 1997) (because the only movants were two groups of investors, court selected individual entity from one group as lead plaintiff). Thus, the most that can be extrapolated from Mr. Lyman's three non-binding cases is the unremarkable proposition that when no other qualified candidate for appointment as lead plaintiff exists, a district court is left with no other option but to

---

[4] Not only are district courts not required to ferret out a suitable lead plaintiff from within a group's ranks, but district courts actually routinely reject "alternative" iterations as inconsistent with the PSLRA's goal to encourage client-driven decision-making. *See Schriver v. Impac Mortgage Holdings, Inc.*, 2006 U.S. Dist. LEXIS 40607, at *28-*29 (C.D. Cal. 2006) ("While the Court appreciates the [group's] flexibility, the Court declines to follow its suggestion."); *In re Vaxgen Sec. Litig.*, 2004 U.S. Dist. LEXIS 29812, at *12, *16 (N.D. Cal. 2004) (refusing to appoint a group as lead plaintiff where "certain members of the [group] apparently abandoned ship without explanation" because "[t]o entertain such manipulations would surely lead to future attempts by parties to thwart the intent and express terms of the PSLRA"); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250-51 (E.D. Va. 1999) (rejecting motion by group that "attempted to bootstrap members in and out of its leadership" throughout the briefing and "invit[ed] the Court to select a reconstituted group of managers instead").

consider a group's individual members for appointment. Here, however, the Court was not forced to disband either of the two groups as there was another fully qualified lead plaintiff applicant, *i.e.*, the Pension Trust Fund. *See* Order at 9. Consequently, the Court's proper exercise of its discretion in appointing as lead plaintiff the class member "that the court determine[d] to be most capable of adequately representing the interests of class members" was not clear error. 15 U.S.C. §78u-4(a)(3)(B)(i).

In any event, even if the Court had ignored Mr. Lyman's request in a footnote for individual consideration (which the Court did not) **and** the PSLRA required Courts to disband a group in search of the single largest individual (which the PSLRA does not), Mr. Lyman's repetition of his desire to be considered individually ***still*** cannot be squared with his original motion. *See* Docket #10-3, ¶3 (stating that "Mr. Bennett and I discussed and reaffirmed our willingness to ***work together*** as ***co-lead plaintiffs*** for the representation of the class members in this litigation"). In fact, a cursory review of Mr. Lyman's decision-making thus far illustrates his (or, more likely, his counsel's) haphazard willingness to bootstrap himself to various other movants and/or jettison his co-movant in an effort to be appointed:

| *Document* | *Position(s) Taken* |
|---|---|
| Opening Motion (Docket #9 at 1 n.1) | Requested appointment of Movants James Lyman and John W. Bennett "jointly" *or* "in the alternative for appointment individually" |
| Opposition Brief (Docket #16 at 7, 9) | Requested that "Lyman and Bennett" "should be appointed Co-Lead Plaintiffs" *or* that either "Lyman and/or Bennett should be appointed Co-Lead Plaintiffs with Alden [sic] AG" (despite Aldan AG's defects) |
| Reply Brief (Docket #21 at 1) | Requested that "Lyman and Bennett have demonstrated that they constitute a cohesive group" *or* that just "Lyman . . . should be appointed as a Co-Lead Plaintiff" with Aldan AG |
| Reconsideration Motion (Docket #34 at 1) | Requesting that just Mr. Lyman be appointed |

Not only are each of these four "alternative" requests entirely inconsistent, but noticeably absent from each request is ***any*** evidence that Mr. Lyman "had any role in the decision[s]." *Schriver*, 2006

- 7 -

U.S. Dist. LEXIS 40607, at *29-*30 (noting group's "flexibility" but "declin[ing] to follow its suggestion"). And while there can be no doubt of Mr. Lyman's *counsel's* tenacity, the "PSLRA is not intended to allow lawyers or shareholders to manipulate different factions in order to generate an appealing plaintiff." *Stengle v. Am. Italian Pasta Co.*, 2005 U.S. Dist. LEXIS 43816, at *14-*15 (W.D. Mo. 2005).[5]

Each movant has the burden to demonstrate its adequacy and ability to serve as lead plaintiff. *See generally Cendant*, 264 F.3d at 265. As demonstrated above, Mr. Lyman's counsel knowingly advocated different "alternative" strategies at *each* stage of the briefing on the lead plaintiff motions (and again here). Regretfully, the "'clear implication'" of such ever-changing machinations "'is that counsel, rather than the parties, are steering the litigation.'" Order at 5 (quoting *Tsirekidze*, 2008 WL 942273, at *3). Based on such deficient decision-making, it could not possibly have been error for the Court to determine that the Lyman Group (or Mr. Lyman individually) was "not the most adequate plaintiff." Order at 8. Moreover, only by ignoring the Order's actual language was Mr. Lyman able to claim that the Court "ignored" these various requests. Because there simply is no basis in fact or law warranting reconsideration of the Order, Mr. Lyman's motion should be denied.

Importantly, even if the Court were to determine that it was a manifest error of law not to disband the group in search of the most adequate lead plaintiff (and it was not), Mr. Lyman would *still* not be entitled to appointment as lead plaintiff.

---

[5] Mr. Lyman also failed to "explain why two law firms are necessary to function as lead counsel." *Level 3*, 2009 U.S. Dist. LEXIS 44706, at *19-*20; *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *27 ("Court is concerned that this multiplicity of counsel could impede the progress of the litigation, complicate discovery and communication among the parties, and increase the potential for conflict among the plaintiff class."). Thus, while the PSLRA "clearly leaves the choice of class counsel in the hands of the lead plaintiff," a movant's selection of counsel can "serve as a basis for finding the plaintiff is inadequate if the poor choice of counsel reflects some broader deficiency on his part that makes him incapable of representing the class." *Cavanaugh*, 306 F.3d at 733-34.

### C. Mr. Lyman Is Not Eligible to Seek Reconsideration Because He Did Not Have the Largest Individual Financial Interest

Mr. Lyman's counsel suggests that the Court committed "clear error of law" by "not appointing Lyman individually as lead counsel [sic] because he had the next highest loss." Docket #34 at 3. This assertion is patently untenable:

| Individual Movants | Claimed Losses |
|---|---|
| Aldan AG | $367,939 |
| Biggerstaff | $234,883 |
| **Lyman** | **$234,641** |
| Pension Trust Fund | $154,330 |
| Bennett | $124,711 |
| Buettgen | $124,626 |
| Craig | $97,272 |
| Boon | $88,127 |

Quite curiously, for the first time on reconsideration, Mr. Lyman suggests that his losses are actually $234,*831*. *See* Docket #34 at 2 n.1. This argument is wholly inapposite. ***First***, if Mr. Lyman actually did have a larger financial interest than Mr. Biggerstaff, one would logically expect that fact to permeate the earlier briefing. It did not. *See* Docket #16 at 4 n.1 (arguing that Mr. Biggerstaff's "alleged amount of loss of $234,882.64 is nearly identical to the amount of alleged loss individually suffered by Movant James Lyman of $234,*641.00*"); Docket #21 at 4 n.1 (same). And having conceded that he lacked the largest individual financial interest, Mr. Lyman "cannot change direction willy-nilly" as it suits him. *Spinoza, Inc. v. United States*, 375 F. Supp. 439, 443 (S.D. Tex. 1974). It simply defies logic to suggest that the Court "clearly" erred by failing to consider Mr. Lyman over Mr. Biggerstaff when Mr. Lyman himself acknowledged that Mr. Biggerstaff had a larger individual financial interest.

***Second***, the "plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed ***after*** the sixty (60) day window has closed." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999)

(emphasis in original).  Thus, the Court can only consider the parties' losses as originally asserted and recognized.

*Third*, and most importantly, even assuming *arguendo* that Mr. Lyman's financial interest was $234,***831***, it is still ***less than*** Mr. Biggerstaff's financial interest of $234,***883***.  Thus, Mr. Lyman did not possess the largest individual financial interest.  As such, Mr. Lyman would not have been appointed as lead plaintiff even if the Court had considered each groups' members individually.

## III. CONCLUSION

Mr. Lyman's motion is devoid of factual and legal merit.  The Court is simply not required to delve within a group's ranks in search of a suitable lead plaintiff candidate.  Even if it were required to do so, Mr. Lyman does not have the largest individual financial interest.  Consequently, the Court did not err, "clearly" or otherwise, in rejecting Mr. Lyman's "alternative" request to be considered individually for appointment as lead plaintiff.  As such, Mr. Lyman's motion for reconsideration should be denied.

DATED:  December 9, 2009           Respectfully submitted,

                                      KENDALL LAW GROUP, LLP
                                      JOE KENDALL (State Bar No. 11260700)
                                      HAMILTON LINDLEY (State Bar No. 24044838)

                                                   s/ JOE KENDALL
                                                    JOE KENDALL

                                      3232 McKinney Avenue, Suite 700
                                      Dallas, TX  75204
                                      Telephone:  214/744-3000
                                      214/744-3015 (fax)

                                      Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
DEBRA J. WYMAN
JULIE A. KEARNS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

ROBBINS UMEDA LLP
CRAIG W. SMITH
600 B Street, Suite 1900
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)

Additional Counsel for Plaintiff

S:\CasesSD\Idearc\BRF00063464_LP_Recon Opp.doc

CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Eric F. Leon
Kirkland & Ellis LLP
Citicorp Center, 153 East 53rd Street
New York, NY  10022-4675

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 9, 2009.

s/ JOE KENDALL
JOE KENDALL

KENDALL LAW GROUP, LLP
3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Telephone:  214/744-3000
214/744-3015 (fax)
E-mail:  jkendall@kendalllawgroup.com

# Mailing Information for a Case 3:09-cv-00791-K

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas E Bilek**
  tbilek@bileklaw.com,llmank@bileklaw.com

- **Roger F Claxton**
  roger@claxtonlaw.com

- **Lionel Z Glancy**
  lglancy@glancylaw.com,dmacdiarmid@glancylaw.com,mmgoldberg@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Julie A Kearns**
  jkearns@csgrr.com,e_file_sd@csgrr.com

- **Dee J Kelly , Jr**
  dee.kelly.2@khh.com,kelly.pence@khh.com

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com

- **Hamilton Lindley**
  hlindley@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Roger L Mandel**
  rmandel@smi-law.com,bmarks@smi-law.com,laura@smi-law.com,cgiddens@smi-law.com

- **Thomas J McKenna**
  tjmlaw2001@yahoo.com

- **Marcus G Mungioli**
  marcus.mungioli@khh.com,june.pyle@khh.com

- **Scott E Poynter**
  scott@emersonpoynter.com

- **Richard Earl Walden**
  rwalden@waldenlawfirm.com

- **Debra J Wyman**
  dwyman@csgrr.com,ldeem@csgrr.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`