UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JAN BUETTGEN, on Behalf of Himself and All Others Similarly Situated, | § § § | Civil Action No. 3:09-cv-00791-K (Consolidated with Nos. 3:09-cv-00938-K; 3:09-cv-1049-K and 3:09-cv-1552-K) |
| Plaintiff, | § § | |
| vs. | § § | CLASS ACTION |
| KATHERINE J. HARLESS, et al., | § § § | |
| Defendants. | § § § | |
| | § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' EXTRINSIC EVIDENCE ATTACHED TO THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CONVERT DEFENDANTS' MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT**

## I.      INTRODUCTION

In support of their Motion to Dismiss the Consolidated Amended Class Action Complaint and Brief in Support (Docket No. 60) ("MTD"), defendants submitted a 679 page appendix (the "Appendix")[1] in an attempt to contradict plaintiff's allegations in the Consolidated Class Action Complaint for Violations of Federal Securities Laws and Jury Demand (Docket No. 55) (the "Complaint").  At this early stage of litigation, the Court may *only* consider documents attached to a motion to dismiss that are "*referred to in the plaintiff's complaint and are central to her claim*." *Tyrone Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).[2]

Defendants rely on certain materials in the Appendix to contest factual allegations set forth in plaintiff's Complaint.  In considering a motion to dismiss, however, the Court "*must . . . accept all factual allegations in the complaint as true*." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 12(b)(6).  Factual disputes can only be resolved after both sides have had an opportunity to conduct discovery and develop a sufficient factual record to present evidence to the trier of fact so that it may render an informed decision.  *See* Fed. R. Civ. P. 56(f). While defendants may assert competing scienter inferences in a motion to dismiss, those inferences must be "rationally drawn *from the facts alleged*," not from outside arguments and materials. *Tellabs*, 551 U.S. at 314.

Alternatively, should the Court choose to consider any of the documents that plaintiff asserts should be stricken, defendants' MTD should be converted into a motion for summary judgment, and plaintiff should be provided an opportunity to conduct discovery and present evidence of its own.

---

[1]      Defendants did not divide the various documents in the Appendix into numbered or lettered exhibits and thus plaintiff is only able to refer to specific page numbers within the Appendix.

[2]      All emphasis is added and citations omitted unless otherwise noted.

*See* Fed. R. Civ. P. 12(b); *Causey*, 394 F.3d at 288 ("If a court considers materials outside the pleadings, the motion to dismiss ***must*** be treated as a motion for summary judgment under Rule 56(c).").

## II.   STANDARD UNDER RULE 12(b)(6) FOR CONSIDERING DOCUMENTS ATTACHED TO A MOTION TO DISMISS

"In considering a motion to dismiss for failure to state a claim, a district court ***must*** limit itself to the contents of the pleadings, including attachments thereto." *Steward v. Aries Freight Sys., L.P.*, No. H-07-1651, 2007 U.S. Dist. LEXIS 76034, at \*5-\*6 (S.D. Tex. Oct. 12, 2007) (citing Fed. R. Civ. P. 12(b)(6)). The Fifth Circuit, however, has created a "limited exception" to this general rule, permitting a court to consider documents attached to a motion to dismiss if they are "'referred to in the plaintiff's complaint ***and*** are central to the plaintiff's claim.'" *Tostado v. Citibank (South Dakota), N.A.*, No. SA-09-CV-549-XR, 2009 U.S. Dist. LEXIS 112158, at \*2-\*3 (W.D. Tex. Dec. 3, 2009); *see also Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000).

## III.   ARGUMENT

Defendants' MTD improperly relies on certain materials included in the Appendix, as well as information contained within those documents, that are not referred to in the Complaint, not relied upon as the basis for any of plaintiff's claims and are offered to factually contest plaintiff's well-pleaded allegations. For the reasons set forth below, the Court should strike the pages of the Appendix that contain these documents, as well as any reference to these materials in defendants' MTD.

### A.   The Court Should Strike Two SEC Filings that Are Not Referred to in the Complaint Nor Central to Plaintiff's Claims

Defendants' MTD presents argument based on two Securities and Exchange Commission ("SEC") filings that are not referred to in the Complaint nor are central to plaintiff's claims:

- November 6, 2008 Form 10-Q (Appendix pages 400-434); and

- 2 -

- March 12, 2009 Form 10-K (Appendix pages 435-556).

These documents should be excluded from the Court's consideration of defendants' MTD. There was absolutely no reference to these particular documents in the Complaint. *See Tami Seal v. Gateway Cos., Inc.*, No. 01-1322 Section "R" (3), 2001 U.S. Dist. LEXIS 14426, at *10 (E.D. La. Sept. 4, 2001) (refusing to consider an employment agreement attached to defendants' motion to dismiss "because it is not specifically referred to in the complaint"); *In re Neopharm, Inc.*, No. 02 C 2976, 2003 U.S. Dist. LEXIS 1862, at *8-*9 (N.D. Ill. Feb. 7, 2003) (refusing to consider press release and a scientific study attached to a motion to dismiss that was "not explicitly mentioned in the Complaint"); *In re Sprint Corp. Sec. Litig.*, 232 F. Supp. 2d 1193, 1212 (D. Kan. 2002) (granting plaintiff's motion to strike Proxy Statement and Form 10-Q attached to defendants' motion to dismiss because they were "not attached to or referred to in the Complaint, nor [were they] incorporated by reference").  At the motion to dismiss stage, "a district court ***must*** limit itself to the contents of the pleadings [which are] referred to in the plaintiff's complaint ***and*** are central to her claim." *Steward*, 2007 U.S. Dist. LEXIS 76034, at *6; *Causey*, 394 F.3d at 288.  Accordingly, the Court should strike Appendix pages 400-556, as well as any reference to these documents, or the information contained therein, from defendants' MTD.

**B.    Defendants' Reliance on Documents Unrelated to Plaintiff's Complaint to Contest the Truth of Its Allegations Is Improper and Such Materials Should Be Stricken**

Even more egregious than defendants' reference to unrelated SEC filings is their reliance on partial excerpts from completely unrelated cases for unspecified claims, supposedly filed by Idearc against defendants unfamiliar to plaintiff, in various courts across the country.  *See* Appendix 635-679.  Defendants include in the Appendix the "first page" of these complaints in an attempt to

disprove plaintiff's well-pleaded allegations that must be taken as true at the motion to dismiss stage.[3]  *Tellabs*, 551 U.S. at 322.

As explained in Plaintiff's Opposition to Defendant's MTD filed concurrently herewith (the "Opposition"), the Complaint alleges, based on reliable confidential sources, that Idearc's entire collection department was dismantled shortly after its spin-off from Verizon in November 2006 in order to cut Company costs, resulting in no meaningful collection efforts and a significant increase in uncollectible accounts receivable during 2007 and part of 2008.  *See* Opposition at 14, 22. Defendants' attempt to contest these well-pleaded factual allegations by including in the Appendix the "first page" of various complaints supposedly filed by Idearc to pursue collections (although this cannot even be verified) should be rejected, and these pages of the Appendix and any reference to these documents in defendants' MTD should be stricken.[4]  *See Patel v. Pac Life Ins. Co.*, No. 3:08-cv-0249-B, 2009 U.S. Dist. LEXIS 44105, at *21 (N.D. Tex. May 22, 2009) (granting motion to strike documents attached to motion to dismiss that were "use[d] . . . to controvert Plaintiffs' allegations" because the court "must accept all well-pleaded facts in the complaint as true"); *Causey*, 394 F.3d at 288 (materials not referred to in plaintiff's complaint and central to plaintiff's claims cannot be considered at the motion to dismiss stage).

---

[3]      Plaintiff has no way of even knowing what these cases are about, as only the first page of each complaint is set forth in the Appendix, from which plaintiff is unable to ascertain what claims are asserted or what facts they are based upon, if any.  *See* Appendix at pages 635-679.

[4]      The Affidavit of Matthew F. Dexter (the "Affidavit"), which is included in the Appendix at pages 626-634 solely to attest to the accuracy of each of these "first page[s]," should likewise be stricken.  The Affidavit and the "first page[s]" of the complaints that should be stricken are collectively located at Appendix pages 626-679.

**C.      Should the Court Consider Appendix Materials that Are Outside the Pleadings, It Must Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment and Allow Plaintiff to Conduct Discovery**

Consideration of the Appendix materials discussed herein necessarily transforms defendants'

MTD into a motion for summary judgment.  Federal Rule of Civil Procedure 12(d) states, in part:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion ***must*** be treated as one for summary judgment under Rule 56.  All parties ***must*** be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  "'If . . . the district court considers information outside the complaint, it ***must***

treat the motion to dismiss as a motion for summary judgment.'"  *McCullum v. McAlister's Corp. of*

*Miss.*, No: 08-5050 Section: "S" (3), 2010 U.S. Dist. LEXIS 36354, at *4 (E.D. La. Apr. 13, 2010)

(quoting *Rodriguez v. Rutter*, 310 Fed. Appx. 623, 626 (5th Cir. 2009)); *see also Causey*, 394 F.3d at

288; *Columbia Gulf Transmission Co. v. United States*, 966 F. Supp. 1453, 1458 (S.D. Miss. 1997)

("'[Where] matters outside the pleading are presented to and not excluded by the court, the motion

***shall*** be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties

shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule

56.'").

As discussed above, defendants' Appendix includes materials that are outside the pleadings

in an attempt to contradict plaintiff's factual allegations.  Defendants' reliance on these documents in

making their arguments in the MTD raises factual disputes between the parties that are not properly

resolved on a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("'Rule

12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual

allegations.'"); *In re Network Equip. Techs., Inc. Litig.*, 762 F. Supp. 1363, 1363 (N.D. Cal. 1991)

("While defendants['] arguments on the facts may ultimately prevail upon a motion for summary

judgment or at trial, they do not create a basis for dismissing plaintiffs' complaint.").

- 5 -

To date, plaintiff has not had the opportunity to conduct any discovery, and therefore is presently unable to properly address the factual issues raised by defendants' improper reliance on materials that are outside the pleadings. *See* Declaration of Debra J. Wyman in Support of Plaintiff's Memorandum of Law in Support of Motion to Strike Defendants' Extrinsic Evidence Attached to Their Motion to Dismiss or, in the Alternative, to Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment (filed herewith). Therefore, if the Court considers any of the Appendix materials discussed herein, it ***must*** convert defendants' MTD into a motion for summary judgment under Rule 56 and allow plaintiff to conduct discovery so that it may adequately oppose defendants' motion. *Seal*, 2002 U.S. Dist. LEXIS 14426, at *8 (If a court considers materials outside the pleadings, a motion to dismiss must be converted into a motion for summary judgment, "which would entail allowing plaintiff to respond with information outside the pleadings or to seek discovery under Rule 56(f)."); *Columbia Gulf*, 966 F. Supp. at 1458.

## IV. CONCLUSION

For the reasons discussed above, plaintiff respectfully requests the Court strike the offending Appendix materials, or, in the alternative, convert defendants' MTD into a motion for summary judgment and provide plaintiff the opportunity to conduct discovery. Specifically, because the documents set forth at Appendix pages 400-556 and 626-679 are not referred to nor relied upon in the pleadings, they should be stricken along with any reference to those materials in defendants' MTD.

DATED: May 27, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
JULIE A. KEARNS


s/ Debra J. Wyman
DEBRA J. WYMAN

- 6 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

KENDALL LAW GROUP, LLP
JOE KENDALL (State Bar No. 11260700)
HAMILTON LINDLEY (State Bar No. 24044838)
3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Telephone:  214/744-3000
214/744-3015 (fax)

Liaison Counsel

ROBBINS UMEDA LLP
CRAIG W. SMITH
600 B Street, Suite 1900
San Diego, CA  92101
Telephone:  619/525-3990
619/525-3991 (fax)

GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiff

- 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 27, 2010.

s/ Debra J. Wyman
DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  debraw@rgrdlaw.com

# Mailing Information for a Case 3:09-cv-00791-K

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas E Bilek**
  tbilek@bileklaw.com,llmank@bileklaw.com

- **Roger F Claxton**
  roger@claxtonlaw.com

- **Matthew F Dexter**
  matthew.dexter@kirkland.com

- **Lionel Z Glancy**
  lglancy@glancylaw.com,dmacdiarmid@glancylaw.com,mmgoldberg@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Thomas F Harkins , Jr**
  tharkins@whitakerchalk.com

- **Julie A Kearns**
  jkearns@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Dee J Kelly , Jr**
  dee.kelly.2@khh.com,kelly.pence@khh.com

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com

- **Eric F Leon**
  eric.leon@kirkland.com

- **Hamilton Lindley**
  hlindley@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Kelly M McIntyre**
  notice@robbinsumeda.com,kmcintyre@robbinsumeda.com

- **Thomas J McKenna**
  tjmlaw2001@yahoo.com

- **Marcus G Mungioli**
  marcus.mungioli@khh.com,june.pyle@khh.com

- **Scott E Poynter**
  scott@emersonpoynter.com

- **Craig Wallace Smith**
  notice@robbinsumeda.com,csmith@robbinsumeda.com

- **Mack Ed Swindle**
  mswindle@whitakerchalk.com,murban@whitakerchalk.com

- **Richard Earl Walden**
  rwalden@waldenlawfirm.com

- **Debra J Wyman**
  dwyman@rgrdlaw.com,ldeem@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Grant Cook**
The Cook Law Firm

5701 Woodway
Suite 330
Houston, TX 77057

**Jack B. Corwin**
Whitaker Chalk Swindle & Sawyer LLP
301 Commerce Street
Suite 301
Fort Worth, TX 76102