IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAN BUETTGEN, On Behalf of Himself and All Others Similarly Situated, § § § | | |
| Plaintiff, § | CIVIL ACTION NO. | |
| § | | |
| v. § | No. 3:09-CV-0791-K | |
| § | (Consolidated with Nos. | |
| KATHERINE J. HARLESS, et al., § | 3:09-CV-0938-K and 3:09- | |
| § | CV-1049-K) | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Discovery in State Court Action *Corwin, et al. v. Klein, et al* (Doc. No. 62). Having considered the merits of the motion, and for the reasons stated below, the motion is **GRANTED**. Furthermore, before the Court is the Motion of Jack B. Corwin as Trustee to File Sur-reply Regarding Motion to Stay Discovery in State Court Action (Doc. No. 69). That Motion is **DENIED.**

I.   **Background**

This case is a consolidated securities class action alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), and Rule 10b-5 promulgated thereunder, as well as, a violation of Section 20(a) of the Exchange Act. Plaintiffs purchased shares in Idearc, Inc. ("Idearc") during the purported class period of August 10, 2007 and March 31, 2009. Plaintiffs originally filed this case against Idearc's current and former officers and directors alleging that Defendants issued

materially false and misleading statements and failed to disclose material facts necessary to make Defendants' statements not false and misleading, causing a significant deterioration of Idearc's finances. Specifically, Plaintiffs' claims center around Idearc understating its bad debt expense and allowance for doubtful accounts while overstating its revenues. Plaintiffs contend Defendants' actions caused an artificial inflation of Idearc stock.

In addition to this case, Jack B. Corwin, as trustee of the Jack B. Corwin Revocable Trust and Charitable Remainder Stewardship Company of Nevada, and as trustee of the Jack B. Corwin 2006 Charitable Remainder Unitrust, filed a similar action in Texas state court. That case is *Jack B. Corwin, et al. v. Scott Klein, et al.*, No. 017-237208-09, and is currently pending in the 17th Judicial District Court for Tarrant County, Texas (hereinafter referred to as "*Corwin*"). In *Corwin*, the plaintiffs allege claims for fraud, violations of the Texas Securities Act and Texas Business & Commerce Code, Section 27, negligent misrepresentation, and other derivative claims against Idearc officers Scott Klein and Samual D. Jones—both Defendants in the above action—along with various other Idearc directors and officers. The focal point of the *Corwin* plaintiffs' claims is Idearc's bad debt levels, uncollectible accounts receivable, and credit and collections practices leading to the artificial inflation, which led to the claims now consolidated in the present case. Defendants filed this motion in order to prevent the *Corwin* plaintiffs—who are included in this class action—from conducting discovery in

conflict with the stay of discovery imposed by this Court.

II.     **Applicable Law**

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), passed by Congress in 1997, provides for a stay of all discovery in a securities fraud case while a motion to dismiss is pending. The purpose of the discovery stay is to prevent costly in-depth discovery and disruption of the defendants' normal business activities until a court can determine whether a suit which has been filed is meritorious. *See Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003). Initially, the discovery stay in federal cases led many plaintiffs to file suit in state court where no such provisions existed. Congress responded to this undesirable shift of securities litigation to state courts by enacting the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78u-4(b)(3)(D), which was meant to prevent plaintiffs in securities fraud cases from evading the protections afforded by PSLRA's discovery stay. *See id.* SLUSA addressed the problems caused by plaintiffs filing securities fraud cases in state court in two ways: (1) by preempting certain securities fraud class actions brought pursuant to state law; and (2) by granting federal district courts the power to quash discovery in state court actions if discovery in the state case conflicted with an order of the federal court. *See id*. Upon a proper showing, SLUSA allows a court to stay discovery proceedings in any private action in a state court, "as necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 15 U.S.C. § 78u-4(b)(3)(D); *Newby*, 338 F.3d

at 472. This provision allows a district court to stay discovery in any related state court proceeding, whether the case is a class action or not. *See id.* at 473.

III.    Analysis

Defendants ask the Court to stay all discovery in *Corwin* until the Court rules on the motion to dismiss currently pending in this case. The *Corwin* plaintiffs oppose Defendants' motion.

The *Corwin* plaintiffs attempt to avoid a stay of discovery in the state case by urging the Court to consider the fact that their claims originated differently than the class claims. Specifically, they argue that there are substantial distinctions in the cases because unlike the class action, Corwin is claiming specific representations were made to him personally by the *Corwin* Defendants. While that may be true, the *Corwin* plaintiffs concede that some of the discovery which will likely occur in *Corwin* would probably be duplicative of some of the discovery which could potentially take place in this case.

Under *Newby*, the Court may issue a stay of discovery in *Corwin* if a stay is either "necessary in aid of its jurisdiction, or to protect its judgments." *Newby*, 338 F.3d at 473 (*quoting* 15 U.S.C. § 78u-4(b)(3)(D)). In this case, a stay of discovery in *Corwin* is warranted in order to aid the Court's jurisdiction. Simply stated, if the Court does not stay discovery in *Corwin*, its jurisdiction to rule upon the motion to dismiss the Plaintiffs' federal securities claims filed in this case, before any discovery has been conducted, will

- 4 -

have been circumvented by discovery in the state court action and, therefore, compromised.

Indeed, both this case and *Corwin* involve Idearc's alleged bad debt levels, uncollectible accounts receivable, and credit and collections practices. Without a stay of the *Corwin* discovery, there is a very real possibility that Defendants would have to provide discovery to the *Corwin* plaintiffs on matters relating directly to the claims of the Plaintiffs in this case while the PSLRA discovery stay is still in effect. The legislative history of SLUSA establishes that SLUSA is designed to be liberally applied to prevent circumvention of the discovery stay made part of the PSLRA. *See id.* at 471 (*quoting* H. Rep. 105-640 (1998)).

Accordingly, the Court hereby rules as follows:

it is hereby **ORDERED** that all discovery in *Corwin* is stayed until discovery in this action is allowed;

it is further **ORDERED** that all parties to the *Corwin* action are hereby enjoined from conducting any discovery in *Corwin* before any discovery in this action is allowed;

it is further **ORDERED** that after discovery is allowed to proceed in this case, all parties to the *Corwin* action are to coordinate discovery and other pretrial matters in the *Corwin* action with discovery and pretrial matters in this case; and

it is further **ORDERED** that all the parties to the *Corwin* action are hereby enjoined from seeking, and the 17th Judicial District Court of Tarrant County, Texas

is enjoined from issuing, any scheduling or pretrial order in *Corwin* which is inconsistent with a scheduling or pretrial order in this action or from setting *Corwin* for trial before the trial in this action.

**SO ORDERED**.

Signed June 25th, 2010.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE